UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID MARTIN,

                Petitioner,

-v-

SUPERINTENDENT ROBERT ERCOLE,

                Defendant.

Case No. 07-CV-7171 (KMK)

ORDER ADOPTING REPORT AND RECOMMENDATION

KENNETH M. KARAS, U.S.D.J.:

       On June 18, 2010, Magistrate Judge Smith entered a Report & Recommendation ("R&R") recommending that this Court dismiss this habeas petition. (R&R (Dkt. No. 14) 29.) In the R&R, Magistrate Judge Smith provided notice that objections to her conclusions were due within seventeen working days, and that failure to object would constitute a waiver of Petitioner's right to appeal. (*Id.*) The Court granted Petitioner's request for a thirty-day extension of his time to object. (Dkt. No. 15.) Objections were, therefore, due on August 13, 2010. No objections have been filed.

       When no objections are filed, the Court reviews an R&R on a dispositive motion for clear error. *See Eisenberg v. New Eng. Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008); *Donahue v. Global Home Loans & Fin., Inc*, No. 05-CV-8362, 2007 WL 831816, at *1 (S.D.N.Y. Mar. 15, 2007). The Court has reviewed the R&R, and adopts the R&R's recommended disposition.

       The Court notes the following. First, during Petitioner's trial, the prosecutor's summation did not "question[] why defense counsel had presented no affirmative evidence in favor of her client." (R&R 10.) Such a suggestion might have been improper, as it is axiomatic that the defense has no burden in a criminal trial. Instead, the prosecutor argued that defense counsel's focus on the witness's recollection of collateral issues such as Petitioner's eye color, or the exact number of police officers present at Petitioner's arrest, did not establish reasonable doubt because the witness's testimony as to the criminal conduct charged was consistent. *See* Proceedings Tr. 457-60, *People v. Martin*, No. 1563/01 (N.Y. Cty. Ct. May 15, 2002). In this context, therefore, Magistrate Judge Smith's analysis of the arguably improper comments that the prosecutor did make is correct, because those comments did not render the proceedings fundamentally unfair. *See Montero v. Sabourin*, No. 02-CV-8666, 2003 WL 21012072, at *7 (S.D.N.Y. May 05, 2003) (rejecting claim that prosecutor erred when commenting on defense counsel's failure to discuss evidence of petitioner's guilt, and instead focusing on collateral issues); *Everett v. Fischer*, No. 00-CV-6300, 2002 WL 1447487, at *3 (E.D.N.Y. July 3, 2002) ("The prosecutor's statement that defense counsel's attacks on the police officers was an attempt to divert attention away from the central testimony in the case . . . was a proper response" to defense counsel's summation). *See generally Miranda v. Bennett*, 322 F.3d 171, 180 (2d Cir. 2003) ("[P]rosecutorial misconduct cannot give rise to a constitutional claim unless the

prosecutor's acts constitute 'egregious misconduct.'" (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 647-48 (1974))); *Lewis v. Marshall*, 612 F. Supp. 2d 185, 194 (N.D.N.Y. 2009) (noting that a habeas petition premised on prosecutorial misconduct "'must demonstrate that [the Petitioner] suffered actual prejudice because the prosecutor's comments had a substantial and injurious effect or influence in determining the jury's verdict'" (quoting *Bentley v. Scully*, 41 F.3d 818, 824 (2d Cir. 1994)) (internal alteration omitted)).

Second, the Court has reviewed the transcripts of the moments when Petitioner's trial counsel was not permitted to continue a line of questioning at Petitioner's pre-trial hearing, and agrees with Magistrate Judge Smith that no violation cognizable on a habeas claim has been shown. (R&R 17.) The limitations imposed by the trial court involved collateral matters. The trial court also curtailed cross-examination at trial, but Petitioner has not identified questions or topics about which further questioning was necessary to avoid "'substantial and injurious effect or influence in determining the jury's verdict.'" *Brinson v. Walker*, 547 F.3d 387, 395 (2d Cir. 2008) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). While the time limit imposed by the trial court was a bit strict, trial judges retain "broad discretion" to limit inquiry, even the cross-examination of prosecution witnesses, especially when that inquiry is viewed as unnecessary and confusing. *See United States v. Coppola*, 671 F.3d 220, 247 n.21 (2d Cir. 2012) (holding "meritless" the contention that the district court abused its discretion in limiting cross-examination of tangential matters); *see also Delaware v. Fensterer*, 474 U.S. 15, 20 (1985) (noting that the Sixth Amendment does not guarantee "cross examination that is effective in whatever way, and to whatever extent, the defense might wish"). Thus, there was no constitutional error, or harm, from the limitation of cross-examination.

Third, the stipulation referenced by Magistrate Judge Smith as justification for the trial court's denial of an adverse inference instruction (R&R 19-20), was entered into pursuant to a court order, and, hence, is not adequate justification for the absence of an adverse instruction. Jury Selection Tr. 59-63, *People v. Martin*, No. 1563/01 (N.Y. Cty. Ct. May 6, 2002). However, the Court agrees with Magistrate Judge Smith that the question of whether to give an adverse inference charge is a matter of state law, *see Mena v. Smith*, No. 03-CV-3295, 2004 WL 2071668, at *2 (S.D.N.Y. Sept. 16, 2004) (noting that objections to adverse inference charge "are primarily matters of state law that do not ordinarily provide a basis for federal habeas relief"), and that Petitioner has shown neither the sort of fundamental unfairness that constitutes a due process violation, nor bad faith. *See Vega v. Walsh*, 258 F. App'x 356, 358 (2d Cir. 2007) (summary order) (noting that habeas relief should be granted upon a showing that a jury instruction was wrongfully denied under state law and that the lack of the instruction was "sufficiently harmful to make the conviction unfair" (internal quotation marks omitted)); *Smith v. Artus*, No. 03-CV-6636, 2009 WL 1726301, at *8 (W.D.N.Y. June 16, 2009) (noting that the due process clause is violated when evidence unpreserved by the prosecutor which is not material, is "'potentially useful,'" and "the defendant can demonstrate bad faith on the part of the state" (quoting *Illinois v. Fisher*, 540 U.S. 544, 547-48 (2004))).

Fourth, the courts have consistently rejected the claim (made by Petitioner here) that sentences based on a judge's determination that the defendant is a persistent violent felon, pursuant to N.Y. Penal Law § 70.08, are unconstitutional. *See McGraw v. Lee*, No. 09-CV-8541, 2011 WL 1682633, at *7 (S.D.N.Y. Apr. 27, 2011) (noting that courts have "unanimously

concluded that the New York persistent violent felony offender statute is constitutional" (emphasis omitted)) (citing cases), *adopted by* 2011 WL 2988567 (S.D.N.Y. July 22, 2011); *accord Portalatin v. Graham*, 624 F.3d 69, 73, 76 (2d Cir. 2010) (en banc) (upholding constitutionality of persistent felony provision – N.Y. Penal Law § 70.10 – in the face of *Apprendi* challenge), *cert. denied*, 131 S.Ct. 1693 (2011); *Oree v. Conway*, No. 10-CV-4346, 2011 WL 2652575, at *3 (S.D.N.Y. July 7, 2011) (finding constitutional objection to § 70.08 to be without merit).

Fifth, whether Petitioner's claim that the prosecution's failure to provide him with a YPD-5 form is analyzed under *Jencks v. United States*, 353 U.S. 657 (1957), as outlined by Magistrate Judge Smith (R&R 26-28), or under the Jencks Act, 18 U.S.C. § 3500, the answer is the same, as Petitioner has not demonstrated any prejudice stemming from the alleged error. *See United States v. Jackson*, 345 F.3d 59, 77-78 (2d Cir. 2003).

Sixth, the Court has considered whether all of the incidents Petitioner complains of demonstrate a due process violation when aggregated, and concludes that they do not. *See Jimenez v. Walker*, 458 F.3d 130, 148 (2d Cir. 2006) (noting that cumulative trial court error can violate a defendant's due process rights if the errors "produced a trial setting that was fundamentally unfair"). Therefore, it is

ORDERED that the Petition is DISMISSED. It is further

ORDERED that because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue, *see* 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111-13 (2d Cir. 2000), and the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal, *see Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). It is further

ORDERED that the Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

Dated:   September 26, 2012
         White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE